St. Louis-San Francisco Railway Company *v.* Angle.

Opinion delivered April 1, 1929.

*E. T. Miller, E. L. Westbrooke, Jr.,* and *E. L. Westbrooke,* for appellant.

HUMPHREYS, J. This is an appeal from a judgment of $50 obtained by appellee against appellant in the circuit court of Lawrence County, Western District, on appeal from the court of a justice of the peace, for killing his dog, in February, 1928, by negligently running over him with an extra freight train, on its sidetrack in Black Rock, Arkansas.

Appellant contends for a reversal of the judgment upon the ground that the statutory presumption of negligence on its part, arising on account of the dog being found dead on its track, was overcome by the undisputed testimony of its witnesses. At the conclusion of the testimony appellant requested an instructed verdict in its favor, upon the theory advanced now for a reversal of the judgment, which was refused by the court, over appellant's objection and exception.

The dog was found after daylight on the morning of February 28, 1928, lying on the sidetrack paralleling the main track, which ran north and south through Black Rock. His head was lying inside of the east rail and his body opposite the head on the outside thereof. His head had been severed from his body, and there was nothing about the body or head to indicate that he had been struck by the cow-catcher, or dragged from the place where killed. Only one train, an extra freight train No. 4015, entered and left the sidetrack during the preceding night. This train entered the sidetrack about

1:30 o'clock A. M. for the purpose of allowing a fast freight train, No. 135, to pass on the main line, and left, proceeding northward, immediately after the fast train passed. The enginemen operating the extra freight testified that the headlight to their engine was on and the bell ringing, and that they were keeping a lookout as they headed into as well as when they pulled off the sidetrack, and that they did not see a dog or strike one with any part of the engine. They also testified that it would have been impossible for the fast southbound freight train to have struck and thrown the dog under the train standing on the sidetrack and to have left him in the position he was found.

There is no conflict in the testimony, as we read it, and the only conclusion that can be reached from a consideration thereof is that the dog was killed while trying to pass under the extra freight train, either while entering or leaving the sidetrack. The statutory presumption of having negligently killed the dog was overcome by the undisputed proof, and the trial court should have instructed a verdict for appellant. *Chicago Rd. Co.* v. *Daniel,* 169 Ark. 23, 273 S. W. 15; *Fowler* v. *Hammett,* 162 Ark. 307, 258 S. W. 392.

On account of the error indicated the judgment is reversed, and the cause is dismissed.